IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| SAMUEL LUSINGA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-907 (AJT-WEF) |
| TODD M. LYONS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Before the Court is Samuel Lusinga's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, filed on April 2, 2026, seeking release from Immigration and Customs Enforcement ("ICE") custody that began in November 2025. [Doc. No. 1]. Respondents oppose the Petition. [Doc. No. 4]. Upon consideration of the filings, and for the reasons stated below, the Petition is GRANTED.

## I.    BACKGROUND

Petitioner is a 19-year old citizen and national of Congo who entered the United States without inspection in or around 2022. [Doc. No. 1] ¶ 43. On May 4, 2022, Customs and Border Protection ("CBP") agents encountered Petitioner in or near Del Rio, Texas, and after determining that Petitioner had unlawfully entered the United States from Mexico, briefly detained Petitioner before releasing him on parole.[1] *Id.* ¶¶ 6–7. On May 5, 2023, Petitioner reported in person to the ERO Washington Field Office for processing and was served with a Notice to Appear ("NTA"), charging him with being inadmissible to the United States (and thus removable from the United States) under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being

---

[1] The status of Petitioner's parole, including whether it remains in place or has been terminated, is unclear on the current record before the Court.

admitted or paroled, or who arrived in the United States at a place other than designated by the Attorney General, as well as under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien without a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document. *Id.* ¶ 8. On August 3, 2023, Petitioner filed a Form I-589, Application for Asylum and Withholding of Removal, with the Immigration Court. *Id.* ¶ 10. On May 20, 2024, following a hearing on Petitioner's asylum application, and Immigration Judge ordered Petitioner removed from the United States but granted Withholding of Removal under the Convention Against Torture. *Id.* ¶ 11. On May 21, 2024, Petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"), and that appeal remains pending before the BIA. *Id.* ¶ 12.

On November 3, 2025, following Petitioner's release from criminal custody for charges unrelated to the present Petition, Petitioner was encountered by ICE agents, who arrested Petitioner and took him into civil custody. *Id.* ¶ 15. Petitioner remains detained at Farmville Detention Center without any opportunity to post bond. [Doc. No. 1] ¶¶ 1, 40.

## II.   LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted).

## III.   DISCUSSION

Petitioner seeks habeas relief from this Court on the grounds that his ongoing detention violates the Immigration and Nationality Act (the "INA") (Count I), the bond regulations (Count II), and his constitutional due process rights (Count III). Petitioner claims that his detention is governed by 8 U.S.C. § 1226, rather than 8 U.S.C. § 1225, and is therefore entitled to an individualized bond hearing under the INA and Constitution. In opposition, Respondents argue

that 8 U.S.C. § 1225(b)(2)(A) applies because, despite having been paroled into the country, Petitioner remains an "applicant for admission" subject to Section 1225 mandatory detention. [Doc. No. 4]. The Court disagrees.

The Court has previously rejected Respondents' arguments in a materially identical case, where, like here, Petitioner had been granted parole, and although that parole had expired, the Court held that Petitioner was detained pursuant to Section 1226, rather than Section 1225(b)(2)(A), as argued by the Government. *See* Order, *Espinoza Estrada*, 1:26-cv-859 (E.D. Va. Mar. 12, 2026), Dkt. No. 6. In concluding as such, the Court reasoned:

> Petitioner was paroled upon arrival to the United States, which is 'not regarded as an admission' to the United States, 8 U.S.C. § 1182(d)(5)(A). But at the time of Petitioner's detention, which occurred after his parole had expired, he did not revert to an 'applicant for admission . . . seeking admission' within the meaning of Section 1225(b)(2). Instead, upon the termination of Petitioner's parole, Petitioner returned to the Government's 'custody' under Section 1226 as an individual 'already present in the United States.'

*See id.* at 5 (internal citations omitted).

The Court's reasoning in *Espinoza Estrada* applies with equal force here, and for the same reasons discussed in that case, the Court concludes that Petitioner is detained pursuant to Section 1226(a) and not Section 1225(b)(2), and is entitled to a bond hearing under the INA and the Fifth Amendment to the Constitution.

## IV.   CONCLUSION

For the reasons discussed above, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge; and it is further

**ORDERED** that Petitioner live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order; and it is further

3

**ORDERED** that should Petitioner be re-detained in the future, Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and notify him of its date, time, and location; and it is further

**ORDERED** that Petitioner appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

**ORDERED** that Respondents are ENJOINED from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), or from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is detained pursuant to a valid, final order of removal.

The Clerk is directed to forward a copy of this Order to counsel of record and to terminate the case.

May 14, 2026
Alexandria, Virginia

/s/
Anthony J. Trenga
Senior United States District Judge

4